IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00947-LTB

**BERNARD KENNETH RIVERS, JR.-EL**,

    Plaintiff,

v.

**BARBARA BROHL**, Executive Director of the Colorado Department of Revenue in her individual capacity,

    Defendant.

## ORDER DISMISSING CASE

    Plaintiff, Bernard Kenneth Rivers, Jr.-El, currently resides in Greeley, Colorado. Plaintiff initiated this action by filing *pro se* a Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed Pursuant without Prepayment of Costs. Plaintiff has been granted leave to proceed pursuant to § 1915 (ECF No. 6).

### A. Mandatory Screening Provision and Standard of Review

    Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of certain claims. In this regard, Title 28 of the United States Code, section 1915, establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

    Plaintiff has been granted leave to proceed IFP in this action (ECF No. 6). Thus, his Complaint must be reviewed under the authority set forth above.

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp.*, 550 U.S. at 555. When reviewing a complaint for failure to state a claim, the Court may also consider documents attached to the complaint as exhibits. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (internal citation omitted). Moreover, a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.* It is not the Court's duty to search voluminous pages of gibberish for statements which may support a claim or a remedy. *See Gross v. Burggraf Construction Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995). A *pro se* litigant must comply with the fundamental requirements

2

of the Federal Rules of Civil Procedure and plaintiff's *pro se* status does not entitle him to application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (Plaintiff's "difficulties are those faced by many plaintiffs who nonetheless manage to file suit in a timely manner."). *Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and it would be futile to allow the plaintiff to amend. *Andrews v. Heaton,* 483 F.3d 1070, 1074 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

For the reasons stated below, the Complaint and the action will be dismissed pursuant to the screening authority set forth above.

### B. Plaintiff's Allegations and Claims

In his first claim, Plaintiff alleges that, on February 6, 2015, he received a Notice of Deficiency or Rejection of Refund Claim from the Colorado Department of Revenue (the Department) for payment due on Plaintiff's Individual Income Tax for the year ending December 31, 2011 (ECF No. 1, p. 7) (Deficiency Notice). Plaintiff claims that, in accordance with the Deficiency Notice and Colorado Statute 39-21-103, he filed a Protest within thirty days of the mailing of the Deficiency Notice by faxing his Protest to the Department. He further complains that he received a Notice of Final Determination and Demand for Payment for $801.00 due on his 2011 Individual Income Tax, which he received from the Department on March 25, 2015 (ECF No. 1, p. 6) (Final Notice). The Final Notice indicates that the Department did not receive his Protest. He claims that Defendant violated his right to procedural due process by failing to file his timely Protest. He further claims that Defendant violated his right to substantive due process by failing to send him the Final Notice by certified mail.

While not entirely clear, in his second claim, Plaintiff appears to take issue with his Drivers License and asserts causes of action for breach of contract and fraud. He seeks equitable relief in

the form of contract reformation to cancel the "fraudulent" drivers permit for not following state laws C.R.S. §§ 4-1-308, 4-2-302. He seeks equitable relief to have the State expunge all of his driving records.

### C.  Plaintiff's Tax Claim

Plaintiff lacks standing to challenge the Department's collection of Colorado state income tax in this federal forum pursuant to the Tax Injunction Act (the TIA), 28 U.S.C. § 1341. The TIA forbids federal courts from exercising jurisdiction over certain kinds of claims involving state taxation, stating, "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Id*. The Colorado process for notice of deficiency, requirement of timely protest, executive director hearing, and *de novo* judicial review in a State district court has been determined to satisfy due process, providing the taxpayer with a plain, speedy and adequate remedy for a full and fair opportunity to challenge both the amount of tax and any irregularities in the process at Revenue. *Liebhardt v. Department of Revenue*, 229 P.2d 655, 657–59 (1951). The TIA is first and foremost a vehicle "to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." *Arkansas v. Farm Credit Serv.*, 520 U.S. 821, 826 (1997) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)). The TIA "reflects a congressional concern to confine federal court intervention in state government." *Arkansas v. Farm Credit Svc.*, 520 U.S. at 826–27.

Here, Plaintiff could have filed an appeal from the Final Notice in the County District Court within thirty days after the mailing of the determination. C.R.S. 39-21-105(1). His failure to do so does not lift the preclusion provision of the TIA. Accordingly, this Court does not have jurisdiction to review his first claim.

Moreover, his claims do not provide any basis for relief under 42 U.S.C. § 1983. To state

4

a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986). In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393–394 (1989) (internal quotations and citations omitted). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id*.

Here, Plaintiff claims that the Director of the Department violated his procedural due process rights by failing to file or consider his Protest. Assuming Plaintiff's Protest was lost due to negligence, he cannot seek relief under section 1983. The Supreme Court repeatedly has made it patently clear that negligence claims cannot support liability under section 1983. *See, e.g., County of Sacramento v. Lewis*, 523 U.S. 833 (1998); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (clarifying that lack of due care by prison officials does not state a claim under either the substantive or the procedural aspects of the Due Process Clause). Thus, simple negligence is a tort claim that must be litigated in state court.

Assuming someone at the Department intentionally "lost" his Protest, he does not have a claim because he has a post-deprivation remedy. In this regard, a plaintiff does not have a constitutionally-protected interest in an official's negligent or intentional and deprivations of his property if he has an available adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (explaining a deprivation of property involving a state employee does not constitute a violation of the Due Process Clause "if a meaningful postdeprivation remedy for the loss is available"). Plaintiff had an adequate post-deprivation remedy in that he could have appealed the

denial of the Final Notice to the appropriate County District Court and set forth his arguments for an alleged incorrect tax assessment and the alleged lost/stolen Protest. Finally, as to his claim that Defendant violated his substantive due process rights by failing to send him a certified notice, the statute specifically provides that such notice is sufficient if sent by first class mail. *See* C.R.S. §§ 39-21-103(8)(a); 39-21-105.5. Accordingly, his first claim will be dismissed.

### D.  Breach of Contract and Fraud Claim

While not entirely clear, Plaintiff's second claim alleges breach of contract and fraud concerning the issuance of his Drivers License. This Court lacks jurisdiction to review this claim as well. "Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A federal district court may therefore raise the objection that it lacks jurisdiction on its own initiative, at any stage of the litigation. See Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

In the Complaint, Plaintiff does not allege a statutory basis to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 with respect to his second claim. Moreover, to the extent he would assert jurisdiction under 42 U.S.C. § 1983, his allegations do not support the claim. "[T]o state a § 1983 claim, a plaintiff must 'allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  However, Plaintiff raises only state law claims of breach of contract and fraud in violation of Colorado law.

If Plaintiff cannot demonstrate that the Court has federal question jurisdiction over this action, he must satisfy the diversity jurisdiction statute, 28 U.S.C. § 1332.  A plaintiff properly invokes § 1332 jurisdiction when he or she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.  *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively.  *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted).  Plaintiff fails to allege adequately a basis for exercising diversity jurisdiction over his state law claims as both he and the Defendant are residents of Colorado.  The allegations of the Complaint therefore, are, insufficient to invoke this Court's diversity jurisdiction.  Allowing Plaintiff to amend his Complaint would be futile.  Consequently, this claim will be dismissed as well.  Accordingly, it is

**ORDERED** that the Complaint and this action are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  13th  day of   May  , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

8